# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NORKHAM SYAVONG,

            Appellant,

        v.

UNITED STATES POSTAL SERVICE,

            Agency.

DOCKET NUMBER
SF-0353-13-0602-I-1

DATE: October 10, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Zepuor Parsanian</u>, Tujunga, California, for the appellant.

<u>Aaron Goben</u>, Long Beach, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision that dismissed the appellant's restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The nonpreference-eligible appellant is a City Carrier. Initial Appeal File (IAF), Tab 1 at 1. In March 2012, the Office of Workers' Compensation Programs (OWCP) accepted his claim for an occupational disease. IAF, Tab 6 at 34. In June 2012, the agency provided the appellant with a modified assignment (limited duty) that provided for 1 hour of casing mail daily, which he accepted. *Id*. at 9. In November 2012, at the request of the Department of Labor, a physician conducted a Second Opinion Examination and Work Capacity Evaluation of the appellant and concluded that the appellant was capable of performing his usual job without any limitations. *Id.* at 16-33. OWCP proposed terminating the appellant's compensation based on that examination, although the parties indicate that OWCP has not issued a decision on that proposal. *Id*. at 12; Petition for Review (PFR) File, Tab 1 at 3, Tab 3 at 8.

¶3 The appellant's treating physician, Edward Mittleman, M.D., subsequently prepared a CA-17 Duty Status Report on June 20, 2013, identifying certain work

limitations, which he attributed to the appellant's "c/s disc syndrome."[2] IAF, Tab 1 at 8. Specifically, Dr. Middleman indicated that the appellant was still injured but could: (1) sit as required; (2) lift 25 pounds continuously; (3) lift and carry 35 pounds intermittently; and (4) bend, stoop, and twist for 3½ hours per day intermittently. IAF, Tab 1 at 8.

¶4 A few days later, the agency issued a new modified assignment, limited-duty job offer. *Id*. at 7. The offer was for 8 hours of work per day as a City Carrier, with duties requiring 1 hour of casing mail for delivery and 7 hours of delivering mail. *Id*. The work required the physical ability to lift up to 25 pounds continuously, lift 35 pounds intermittently, simple grasping (8 hours), intermittent reaching above the shoulder, standing, and walking (8 hours), intermittent bending and twisting of neck (3½ hours), and driving a vehicle (7 hours). *Id*. The appellant refused the new job offer stating that it involved "more than 3½ hours of bending, twisting, and stooping." *Id*. After the appellant refused the offer, the agency advised him, on June 26, 2013, not to report to duty unless he decided to accept the most recently offered modified assignment limited-duty offer or he received notification that a revised modified assignment was available.[3] IAF, Tab 6 at 8.

¶5 The appellant filed a restoration appeal with the Board, raising a claim of prohibited discrimination and requesting a hearing on his appeal. IAF, Tab 1 at 1-2, 4. The administrative judge dismissed the appellant's restoration appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 25, Initial Decision (ID) at 2, Tab 1 at 2. The administrative judge found that the

---

[2] Dr. Mittleman was referring to the appellant's cervical spondylosis, which is one of the conditions identified in the claim accepted by OWCP that resulted in the appellant's June 26, 2012 modified assignment for limited duty. IAF, Tab 6, at 9, 34.

[3] After the appellant filed his restoration appeal, the agency asked OWCP to issue a ruling on whether the agency's job offer was suitable. IAF, Tab 13 at 7, 10. However, the parties indicate that OWCP has not issued a suitability ruling. PFR File, Tab 1 at 2, Tab 3 at 8.

appellant made nonfrivolous allegations that he was absent from work due to a compensable injury, that he had recovered sufficiently to return to work and perform in modified positions, but that the Board had no jurisdiction over his appeal because he failed to nonfrivolously allege that the agency denied his request for restoration. ID at 9-10, 14. The administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency's limited-duty offer on June 25, 2013, was so unreasonable as to constitute a denial of restoration. ID at 12. The administrative judge also found that the appellant failed to make a nonfrivolous allegation that the agency rescinded his former restoration job assignment when it offered him a full-time limited-duty position consistent with his revised medical restrictions. ID at 13. The administrative judge concluded that the appellant's complaints merely challenged the details and circumstances of the agency's restoration. ID at 14.

¶6        Based on her finding that the appellant did not make a nonfrivolous allegation that the agency denied him restoration, the administrative judge did not consider whether the agency acted arbitrarily and capriciously concerning the appellant's request for restoration. ID at 14. The administrative judge also found that, without jurisdiction over the restoration appeal, the Board had no jurisdiction to consider the appellant's claim of prohibited discrimination. ID at 14. The appellant filed a petition for review and the agency responded in opposition to his petition. PFR File, Tabs 1, 3.

¶7        An individual who has partially recovered from a compensable injury may appeal to the Board for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration. *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 8 (2013) (citation omitted); 5 C.F.R. § 353.304(c). In order to establish jurisdiction over a restoration appeal as a partially-recovered individual, the appellant must prove by preponderant evidence that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position

with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious.  *See Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *see also Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).  If the appellant makes nonfrivolous allegations to support jurisdiction, then and only then will he be entitled to a jurisdictional hearing at which he must prove jurisdiction by preponderant evidence.  *Bledsoe*, 659 F.3d at 1102.

¶8        The parties do not dispute the administrative judge's finding that the appellant satisfied the first two jurisdictional elements.  ID at 9-10; PFR File, Tab 3; *see Bledsoe*, 659 F.3d at 1104.  Thus, the issue before the Board on review is whether the appellant made nonfrivolous allegations, which, if proven, could establish that the agency denied his request for restoration and that the denial of restoration was arbitrary and capricious.  *See Bledsoe*, 659 F.3d at 1102, 1104. The Board has ruled that a job offer may be tantamount to a denial of restoration if the offered duties are outside the employee's medical restrictions.  *See Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001).  Here, the administrative judge found that the arguments made by the appellant's representative were not evidence, and that the appellant "submitted no medical progress notes, no clarification of the limitations by Dr. Mittleman, and no declaration from the appellant describing how his limitations should be interpreted, or supporting his contention that the agency's limited duty job offer was unreasonable."  ID at 11 (citing *Frye v. U.S. Postal Service*, 102 M.S.P.R. 695, ¶ 11 (2006)); *see* PFR File, Tab 1.

¶9        On review, the appellant reiterates the argument he made on appeal that the agency's June 25, 2013 modified job assignment offer was unreasonable because

it exceeded the scope of his medical limitations.[4]  IAF, Tab 5 at 1-2; PFR File, Tab 1 at 2-3.  The appellant also argues that the administrative judge erroneously found that he could drive intermittently for 8 hours a day based on Dr. Mittleman's June 20, 2013 CA-17 Duty Status Report.  PFR File, Tab 1 at 2. The appellant states that "at no point" in his June 20, 2013 assessment did Dr. Mittleman ever indicate or consider that the appellant could drive for 8 hours. *Id*.  The appellant also disputes the administrative judge's finding that Dr. Mittleman, in evaluating the appellant's limitations, "was aware of the physical movements required to drive including movements of the neck." *Id*.

¶10     To make a nonfrivolous allegation of jurisdiction based on the allegation that the agency's job offer was so unreasonable that it amounted to a denial of restoration, the appellant is required to "present specific, independent evidence corroborating his allegations."  *Foley*, 90 M.S.P.R. 206, ¶ 6.  Despite the appellant's arguments to the contrary, none of the duties or physical requirements identified in the agency's June 25, 2013 modified job assignment offer exceed the medical restrictions identified by Dr. Mittleman in his June 20, 2013 CA-17 Duty Status Report.  *See* PFR File, Tab 1; IAF, Tab 1 at 7-8.  Although the CA-17 form included a box for specifying driving limitations, Dr. Mittleman left that box blank.  IAF, Tab 1 at 8.  Moreover, as stated previously, the appellant's November 2012 Work Capacity Evaluation indicated that he was capable of performing his usual job without any limitations.[5]  IAF, Tab 6 at 16, 28-29, 32-33.  On review, the appellant has failed to present any specific independent evidence corroborating his allegation that the agency's June 25, 2013 modified

---

[4] Because OWCP has not made a determination on the medical suitability of the agency's June 25, 2013 job offer, the Board is free to consider the reasonableness of the agency's job offer to determine if it amounted to an effective denial of restoration.  *See Ballesteros v. U.S. Postal Service*, 88 M.S.P.R. 428, ¶ 9 (2001).

[5] The agency also submitted a September 3, 2013 sworn declaration by the agency's Manager of Health and Resource Management, stating that OWCP had not compensated the appellant since June 29, 2012, for claims related to his restoration appeal.  IAF, Tab 12 at 8-9.

assignment job offer exceeded his medical limitations or to identify any such evidence in the record.[6]  *See Foley*, 90 M.S.P.R. 206, ¶ 6.

¶11        We therefore agree with the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that the agency's June 25, 2013 modified assignment limited-duty offer was so unreasonable as to constitute a denial of restoration.  ID at 10-11.  Without sufficient allegations that the agency denied the appellant's request for restoration, we need not consider whether the appellant made a nonfrivolous allegation that the agency acted arbitrarily and capriciously in denying the restoration request.  *See Bledsoe*, 659 F.3d at 1104; *see also Latham*, 117 M.S.P.R. 400, ¶ 10.  We have considered the remainder of the appellant's arguments on review, asserting that the administrative judge abused her discretion and challenging the factual and legal bases for her decision on appeal, and we find them to be without merit.[7]  *See* PFR File, Tab 1 at 1-3.

---

[6] In September 2013, OWCP informed the appellant that it had assigned him to a referee physician, who would resolve the conflict between the opinions of Dr. Mittleman and a different doctor regarding whether the appellant currently had a work-related condition and the ability to work a full-duty job.  IAF, Tab 14 at 5.  OWCP stated that it would issue a decision on the appellant's entitlement to compensation after it received the referee's report; however, neither party has submitted the final OWCP decision on the compensation issue.  *Id.*; *see* PFR File, Tab 1 at 2, Tab 3 at 8.  Although the appellant argues that it is relevant that OWCP referred him to a referee physician, this evidence is not new because it is already part of the record.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  Moreover, the appellant does not explain why the mere fact that OWCP referred him to a referee physician is of sufficient weight to warrant an outcome different from that of the initial decision dismissing his restoration appeal for lack of jurisdiction.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

[7] For example, the appellant makes a cursory argument that the administrative judge erroneously considered the *Latham* case in her initial decision; however, the basis for his argument is unclear and we discern no error on review.  *See* PFR File, Tab 1 at 1, 3.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.